THE GREAT FALLS NATIONAL BANK, A NATIONAL BANK-
ING CORPORATION, PLAINTIFF AND RESPONDENT, v. JAMES R.
McCORMICK AND VELMA W. McCORMICK, HUSBAND AND
WIFE; RICHARD O. NICKERSON AND CAROL J. NICKER-
SON, HUSBAND AND WIFE, ET AL., DEFENDANTS AND APPELLANTS.

No. 11503.
Submitted November 21, 1968. Decided December 20, 1968.
448 P.2d 991.

320

Dzivi & Conklin, William Conklin (argued), Louis D. Nybo (appeared), Great Falls, for defendant-appellants.

Luxan & Murfitt, Howard J. Luxan, Jr. (argued), Helena, Church, Harris, Johnson & Williams, William A. Reid (appeared), Great Falls, for plaintiff-respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment on the pleadings entered in favor of the plaintiff, the Great Falls National Bank, in accordance with Rule 12(c), Montana Rules of Civil Procedure. The issue was the alleged unconstitutionality of the Small Tract Financing Act of Montana, Chap. 177, Laws of 1963, codified as sections 52-401 through 52-417, R.C.M.1947.

This was an action to quiet title to certain real property, comprising less than 3 acres, situated in Great Falls, Montana. The plaintiff bank was the beneficiary under a trust indenture, executed in behalf of all parties, authorized by the Small Tract Financing Act of Montana (hereinafter referred to as the Act). Defendants, James R. McCormick and Velma W. McCormick, husband and wife, executed the trust indenture and defendants Richard O. Nickerson and Carol J. Nickerson, husband and wife, were their successors in interest. Suffice to say the defendants breached the terms of their trust indenture and the plaintiff elected to foreclose in accordance with the provisions of the Act and the trust indenture. All requirements as to notice were satisfied.

All parties concerned agree that this is a test case and is presented to determine if the Hon. Robert J. Nelson, district judge of the eighth judicial district, was correct in upholding the constitutionality of the Act and was justified in granting

the judgment on the pleadings in favor of the plaintiff. We agree that Judge Nelson was correct in his findings.

Two issues are presented for our consideration:

(1). Whether the Small Tract Financing Act of Montana is unconstitutional as special legislation under Art. V, § 26, of the Montana Constitution and whether it is a denial of equal protection of the law as is guaranteed to us by Amendment 14 to the United States Constitution.

(2). Whether inadequate notice of sale provisions of the Act authorize the deprivation of property without due process of law.

At the outset we set out the terms and provisions of the Act as they apply to this case. Section 52-402, R.C.M.1947, states the policy behind this enactment:

"Because the financing of homes and business expansion is essential to the development of the state of Montana, and because such financing, usually involving areas of real estate of not more than three acres, has been restricted by the laws relating to mortgages of real property, and because more such financing of homes and business expansion is available if the parties can use security instruments and procedures not subject to all the provisions of the mortgage laws, it is hereby declared to be the public policy of the state of Montana to permit the use of trust indentures for estates in real property of not more than three acres as hereinafter provided."

The Act permits the use of trust indentures in place of the conventional real estate mortgages, trust deeds or other security instruments when the property involved encompasses less than 3 acres; the use of trust indentures is optional—not mandatory. The instrument may be foreclosed by judicial procedure or by advertising and sale as is provided in the statute. After foreclosure proceedings have begun the beneficiary must give notice to the debtor 120 days before the sale—during this time the debtor may pay all delinquent installments and reinstate the transaction and halt the sale. There is no deficiency

judgment connected with the sale nor is there any right of redemption.

Defendants maintain since the Act only applies to real estate transactions involving less than 3 acres of land that this constitutes special legislation and is therefore unconstitutional under the Constitution of Montana, Art. V, § 26. It is true that the Act does set up a class—all real property less than 3 acres; this does not mean that the Act becomes unconstitutional as a result. Hill v. Rae, 52 Mont. 378, 158 P. 826, L.R.A.1917A, 495. It may be classified as constitutional if the class that is established is reasonable and treats all those equally that are within that class. State v. Safeway Stores, Inc., 106 Mont. 182, 76 P.2d 81. There is a presumption in favor of the Act being constitutional and the classification being reasonable.

"It must be remembered that in the matter of classification, the Legislature enjoys broad discretion and is not required to go as far as it might in enacting a law. The question of classification is primarily for the Legislature. The presumption is that it acted on legitimate grounds of distinction, if any such grounds existed." State v. Safeway Stores, Inc., supra.

Now we consider if the classification was reasonable. The preamble of the Act declares that its purpose is to foster housing and business expansion which will in turn promote the economic development of the state. This in itself is a legitimate and recognized purpose. As we said in Hill v. Rae, supra, any classification which fosters development of the state and adds to its prosperity is a reasonable classification. In the usual mortgage foreclosure the mortgagee could by judicial proceedings delay the reacquisition of the property for approximately 18 months. During this time all the money so far invested is tied up—unavailable for further financing to the public. The purpose of the Act was to remedy this situation by making foreclosure available by advertisement and sale; a period taking only 120 days. During argument it was repre-

sented that when property is sold, outside buyers are more willing to buy because they can take possession immediately and have no fear of the property being redeemed by the original owner. Usually these sales realize the full market value of the property; the same does not hold true in a foreclosure by judicial proceedings. Logically, it naturally follows that investors are more willing to risk their money in states that provide for this type of procedure.

Defendants attack the Act's 3 acre classification on the basis that it favors rural property owners over urban owners. It is true that this 3 acre classification usually applies to home and business operations rather than ranching and farming but no where in the Act is a distinction made between urban and rural nor is preference given to either. Anyone can avail himself of the use of trust indentures if he meets the 3 acre classification—whether his investment concerns his home, business or farm. In this regard the Act treats everyone who may come within this grouping equally. The classification is constitutional, and therefore reasonable, if the aid is available to all who comply with the conditions set forth in the Act. Hill v. Rae, supra. If we followed defendants' reasoning no statute that establishes groups would be constitutional for there is always some degree of discrimination against someone not included therein. The determining factors are the reasons for the classification, whether the grouping satisfies the intent of the legislature, and whether the arrangement is reasonable. In this case there is no doubt the purpose is valid and the classification is reasonable.

Defendants also claim that they are being deprived of due process of the law because their right to redemption has been withdrawn. The Act states specifically that if the parties elect to bring themselves within its provisions then there shall be no right to redeem the property once it has been sold. The decision to use trust indentures is optional; if the parties desire they can agree to finance their transaction under a

conventional mortgage and retain the right of redemption. The Supreme Court of Idaho has adequately answered this contention in the case of Roos v. Belcher, 79 Idaho 473, 321 P.2d 210, where the facts and issues presented are very similar. The Idaho court stated:

"The legislative withdrawal of this legislatively given right of redemption is not a denial of due process, where the withdrawal is effected only in cases where the property owner by his contract so agrees. By the terms of their trust deed and the applicable law the defendant agreed to, and authorized, the sale of the property by the trustee without judicial proceedings and without a right in them to redeem."

We can find no merit in defendants' argument since they were free to dispose or acquire their property on terms that were agreeable to them.

The defendants' second contention is that the notice provisions of the Act deprive them of due process as guaranteed by the constitutions of Montana and the United States. The notice provision is attacked as it pertains to the power of sale. Section 52-404 of the Act provides:

"* * * a power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which such transfer is security; and a trust indenture executed in conformity with this act may be foreclosed by advertisement and sale in the manner hereinafter provided, or, at the option of the beneficiary, by judicial procedure as provided by law for the foreclosure of mortgages on real property. The power of sale may be exercised by the trustee without express provision therefor in the trust indenture."

The foreclosure by advertisement and sale may be made only if the following conditions are met: (1) default by the person owing the obligation, and (2) filing in the county where the property is located notice of the sale, setting forth all parties concerned, time of sale, and other particulars about the property and the debt. To effectuate the sale, notice has

to be given either by registered or certified mail 120 days prior to the sale, and mailed to: the grantor, each person designated in the trust indenture, each person who has filed for record a request for a copy of notice of sale, any successor in interest to the grantor, and persons with liens or interests subsequent to the interest of the trustee. Section 52-409 further provides that at least 20 days before the sale a copy of the notice of sale shall be posted upon the property and published 3 times in the local newspaper or posted in 3 public places 20 days prior to the sale.

Defendants concede that all requirements as to notice were complied within this case. Due process in these circumstances does not require personal service since this is a proceeding *in rem.* Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. The true requirement for due process is notice that is reasonably calculated to apprise all interested parties of the pendency of the action and afford them an opportunity to be heard and present their objections. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865; Baker National Bank v. Henderson, 151 Mont., 526, 445 P.2d 574. The requirements in this Act are farly comprehensive and are sufficient to meet the challenge as to its constitutionality. The Act does not require the beneficiary to be an insurer that notice will actually be received, only that the means used shall reasonably put all interested parties on notice. We feel that the procedure the legislature adopted does just this and since the requirements in this instance were all complied with the defendants' contention is without merit.

Finally, the Act is not unconstitutional merely because it includes within its provisions a statutory power of sale which is read into all agreements using trust indentures even though the agreement between the parties does not so provide. This position is untenable because the defendants agreed to a sale of their property, in the event a default should occur, according to the terms of the trust indenture and in conform-

ity with the provisions of the statute. The mandates of the statute were properly read into the terms of the agreement and became a part thereof. Bell Silver & Copper Mining Co. v. First Nat. Bank cf Butte, 156 U.S. 470, 15 S.Ct. 440, 39 L.Ed. 497.

For the foregoing reasons the judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES ADAIR, HASWELL and CASTLES, concur.