No. 12942

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

MONTANA LAND TITLE ASSOCIATION,
a Montana nonprofit corporation,

Plaintiff and Respondent,

-vs-

FIRST AMERICAN TITLE AND ESCROW OF
BILLINGS, et al.,

Defendants and Appellants.

---

Appeal from:  District Court of the Thirteenth Judicial District,
Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

For Appellants:

Anderson, Symmes, Forbes, Peete and Brown,
Billings, Montana
Benjamin N. Forbes argued, Billings, Montana

For Respondent:

Crowley, Kilbourne, Haughey, Hanson and Gallagher,
Billings, Montana
Septhen H. Foster argued, Billings, Montana

---

Submitted:  June 18, 1975

Decided: AUG 2 5 1975

Filed: AUG 2 5 1975

_Thomas J. Kearney_
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by defendants from a judgment entered in the district court, Yellowstone County, on December 16, 1974; which permanently enjoined defendants from issuing title insurance policies as to property in this state, subject to certain exceptions. The injunction was suspended during the pendency of this appeal.

The facts were stipulated and in brief are: (1) Plaintiff Montana Land Title Association is a nonprofit Montana corporation. (2) Defendant First American Title and Escrow of Billings is a limited partnership. (3) Defendant First America Title Insurance is a California corporation doing business in the state of Montana. (4) That defendants are issuing and underwriting title insurance policies without written evidence of the condition of title certified by one holding a certificate of authority issued under section 66-2111, R.C.M. 1947. (5) Such policies are not issued through a licensed title insurance agent as required by section 40-4601, R.C.M. 1947.

Section 40-4601 provides, so far as pertinent here:

"No title insurance policy as to property in this state shall be issued by any insurer unless based upon evidence of the condition of title certified in writing as of the date of the policy by some person, firm, or corporation holding a certificate of authority issued under section 66-2111, to engage in the title abstracting business in the county in which the property is located; except, that this provision shall not apply as to title insurance policies issued upon the basis of an opinion of an attorney, duly authorized to practice law in this state, as to the condition of the title following a review by such attorney of pertinent title records or abstracts, and issued through a licensed title insurance agent who was so licensed and was regularly procuring title insurance policies issued upon such basis up to the effective date of this code."

Only two issues are raised on appeal. First, defendants contend the district court did not have jurisdiction by reason

of the failure of plaintiff to exhaust or pursue the administrative remedies provided by sections 40-2720 through 2725, R.C.M. 1947. It will not be necessary to discuss this issue in view of our holding on the second issue.

That issue is, whether section 40-4601, R.C.M. 1947, is constitutional under the Montana Constitution or the Fourteenth Amendment of the United States Constitution.

Section 40-4601 in essence states that title insurance companies may issue title insurance policies on the basis of a legal opinion of a duly licensed Montana attorney if they were doing so regularly on July 1, 1961, the effective date of the Act, but title insurance companies who were not doing so regularly on said date cannot issue title insurance policies based upon the opinion of a duly licensed attorney in the state of Montana. In other words, some licensed title insurance agents may issue title insurance based upon the opinion of a duly authorized Montana attorney, but others may not. It is defendants' contention that such discrimination violates the Fourteenth Amendment to the Constitution of the United States which states that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

Article II, Section 17, 1972 Montana Constitution, is the counterpart of the Fourteenth Amendment to the United States Constitution, and states that "No person shall be deprived of life, liberty or property without due process of law."

The constitutional guarantee of equal protection of the laws requires that all persons shall be treated alike under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed.

This Court early adhered to this guarantee, as expressed in State v. Cudahy Packing Co. 33 Mont. 179, 186, 82 P. 833, in

these words:

> " * * * 'the equal protection of the laws is a
> pledge of the protection of equal laws,' herein de-
> claring, in substance, that not only must the law
> as enacted furnish equal protection to all, but
> also that the legislature, in enacting any law,
> must so adjust its provision that it will operate
> equally upon the individuals constituting the class
> of citizens whose conduct it is intended to control."

Plaintiff relies heavily on State ex rel. Freeman v. Abstracters Board of Examiners, 99 Mont. 564, 580, 45 P.2d 668 (1935) which upheld section 66-2112, R.C.M. 1947, requiring abstracters to have abstract books or indices, but permitted the issuance of a temporary license for a period of one year only to abstracters who, on the effective date of the Act, were in the process of preparing abstract books or indices. The Court rejected the contention that the statute was arbitrary and discriminatory, and in its opinion made this comment:

> "As to those in business and then holding a certi-
> ficate issued under the old law, they are entitled
> to a certificate for one year from the expiration
> of the current certificate, at the end of which they
> must comply with the requirements of the Act or go
> out of business, or those who are making an honest
> effort to perfect a plant are permitted a temporary
> certificate on showing that they have their books
> half completed; this certificate may be renewed
> once, and once only. This, it would seem, con-
> stitutes a reasonable classification, if it may be
> called classification. The constitutional provisions
> against discrimination do 'not forbid statutes and
> statutory changes to have a beginning, and thus to
> discriminate between the rights of an earlier and
> later time.' All things must have a period of adjust-
> ment, and such classification is not 'arbitrary
> classification.' (Sperry & Hutchinson Co. v. Rhodes,
> 220 U.S. 502, 31 Sup.Ct. 490, 491, 55 L.Ed. 561;
> Williams v. Walsh, 222 U.S. 415, 421, 32 Sup.Ct.
> 137, 56 L.Ed 253.)"   (Emphasis ours.)

Defendants contend that this is what happens here, in that the statute involved here has no period of adjustment pro- vided for whatsoever, and title insurance agents issuing policies on the basis of legal opinions on the date of enactment of the Act can presumably forever continue to do so, whereas, all other title insurance agents must build and have certified an abstract

plant. They assert such unequal treatment is violative of the Fourteenth Amendment since it creates a tremendous burden of time and expense on title insurance agents writing policies subsequent to the date of the Act as compared to title insurance agents who were and still are allowed to write title insurance policies on the basis of a legal opinion, without any abstract plant whatsoever.

Admitting there may be classifications provided for by the laws, but one of the essential requirements is that they shall not be capricious or arbitrary, be reasonable and have a rational basis.

Equal protection of the laws means subjection to equal laws applying alike to all in the same situation. While reasonable classification is permitted without doing violence to the equal protection of the laws, such classification must be based upon some real and substantial distinction bearing a reasonable and just relation to the things in respect to which such classification is imposed; such classification cannot be arbitrarily made without any substantial basis. Arbitrary selection cannot be justified by calling it classification. See: State v. Safeway Stores, Inc., 106 Mont. 182, 76 P.2d 81; Southern R. Co. v. Greene, 216 U.S. 400, 30 Sup.Ct. 287, 54 L.Ed 536; Atchison T. & S. F. R. Co. v. Vosburg, 238 U.S. 56, 35 Sup.Ct. 675, 59 L.Ed 1199; Colgate v. Harvey, 296 U.S. 404, 56 Sup.Ct. 252, 80 L.Ed 299, 102 A.L.R. 54; Hartford S.B.I. & Ins. Co. v. Harrison, 301 U.S. 459, 57 Sup.Ct. 838, 81 L.Ed 857; Royster Guano Co. v. Virginia, 253 U.S. 412, 40 Sup.Ct. 560, 64 L.Ed 989; Mallinckrodt Chemical Works v. Missouri ex rel. Jones, 238 U.S. 41, 35 Sup. Ct. 671, 59 L.Ed 1192, 1198.

We have many times discussed equal protection of the laws and reasonable classification and we observe no need to

quote from such opinions here. As illustrative cases we refer
to these: Brackman v. Kruse, 122 Mont. 91, 199 P.2d 971;
Garden Spot Market v. State Board of Equalization, 141 Mont.
382, 378 P.2d 220; State ex rel. Bennett v. Stow, 144 Mont. 599,
399 P.2d 221; State ex rel. Schultz-Lindsay v. Board of Equal-
ization, 145 Mont. 380, 403 P.2d 635; Great Falls National
Bank v. McCormick, 152 Mont. 319, 448 P.2d 991; and cases therein
cited.

In our view section 40-4601, R.C.M. 1947, discriminates
in favor of those agents who were writing title insurance on the
basis of legal opinions on July 1, 1961, and against those licensed
agents who later attempted to do so and thereby is in violation
of the guarantee of equal protection of the laws and unconsti-
tutional.

The judgment is reversed and the cause remanded to the
district court which is directed to enter judgment for defend-
ants.

_____
                                Chief Justice

We concur:

_Wesley Castles_____

_John Conway Harrison_____

_Frank I. Haswell_____

_____
Justices

- 6 -