FILED

SEP 4 1990

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

No.  90-118

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN THE MATTER OF T.A.S.,
A Youth Under the Age of Eighteen

APPEAL FROM:     District Court of the Fourth Judicial District,
                 In and for the County of Missoula,
                 The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Diana P. Leibinger and David E. Stenerson; Public
                Defenders Office, Missoula, Montana

        For Respondent:

                Robert L. Deschamps, III, County Attorney; Martha
                E.  McClain,  Deputy  County  Attorney,  Missoula,
                Montana
                Marc Racicot, Attorney General; Patti Powell, Asst.
                Attorney General; Helena, Montana

                                Submitted on Briefs:  July 20, 1990
                                        Decided:  September 4, 1990

Filed:

                                 _____
                                 / Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

T.A.S., a youth, appeals from an order entered January 18, 1990 by the District Court of the Fourth Judicial District, Missoula County. The Youth Court found: (1) that the youth had committed the offense of domestic abuse, a misdemeanor, (2) is ungovernable, and (3) that the youth had violated the terms of his probation. Based on these findings and pursuant to the options available to the Youth Court under § 41-5-523, MCA, the court found T.A.S. to be a delinquent youth and ordered that T.A.S. be committed to the custody of the Department of Family Services (Department) until he reaches the age of 19 years or sooner if released by the Department. The Youth Court also found that T.A.S. was in need of placement in other than his own home. From that order T.A.S. appeals. We affirm.

The issues before this Court are:

1. Is § 41-5-523, MCA, unconstitutionally broad and vague as it relates to the disposition of a delinquent youth?

2. Did procedural errors in commitment proceedings deprive appellant of equal protection under the law?

3. Did the Youth Court abuse its discretion when it committed appellant to the Department of Family Services until the age of 19?

4. Was it error for the Youth Court and the Department of Family Services to fail to seriously consider alternative placement?

Appellant T.A.S. is a 16 year old minor. T.A.S.'s first

2

contact with Youth Court was on February 29, 1988, when T.A.S. was 14 years old. At that time the Youth Court found T.A.S. to be a youth in need of supervision and ordered T.A.S. to be committed to the custody of the Department for a 45-day evaluation. Following the evaluation, a dispositional hearing was held and on July 13, 1988 the Youth Court ordered that T.A.S. be committed to the custody of the Department with the recommendation that T.A.S. be placed at the Excelsior Program in Spokane, Washington. Upon T.A.S.'s completion of the Excelsior Program, a final dispositional hearing was held on September 29, 1989. The Youth Court ordered T.A.S. to be committed to the custody of the Department with the recommendation that T.A.S. be placed at Pine Hills School for Boys until he reached the age of 19 years or sooner released by the Department. The Youth Court then suspended the order and T.A.S. was placed on probation under the supervision of the Youth Court Probation Department.

On January 18, 1990, T.A.S. again appeared in Youth Court. The court found (1) that T.A.S. had caused bodily injury to his sister by grabbing her around the throat and choking her which constituted the offense of domestic abuse, a misdemeanor, in violation of § 45-5-206, MCA, (2) that T.A.S. was ungovernable in violation of § 41-5-103(14), MCA, and beyond the control of his mother, and had left his mother's home without permission and did not return, and (3) that T.A.S. had violated the terms of his probation by failing to report to his probation officer as required by his probation and by failing to complete counseling as directed

3

by his probation officer.

Consequently, the Youth Court found T.A.S. to be a delinquent youth as defined in § 41-5-103(13), and that the youth was in need of placement other than his own home. The court ordered that T.A.S. be committed to the custody of the Department until he reaches the age of 19 years or sooner released by the Department. It is from this order that T.A.S. appeals.

I

Is § 41-5-523, MCA, unconstitutionally broad and vague as it relates to the disposition of a delinquent youth?

Section 41-5-523, MCA, gives authority to the Youth Court to commit a delinquent youth to the care and custody of the Department. The Department determines the appropriate placement and rehabilitation program for the youth after considering the recommendations made by a youth placement committee. Sections 41-5-523(2), 41-5-526, 41-5-527, MCA.

The Youth Court Act, § 41-5-101, MCA, et seq., allows the Department to place a youth in a youth correctional facility even when the youth has not been declared a serious juvenile offender by a youth court. T.A.S. challenges this authority as an unconstitutionally broad delegation of unbridled power.

In response we point out several statutory limitations on the Department's power of placement. Section 41-5-523(2)(b), MCA, limits the maximum period a youth may be held in a youth correctional facility to the maximum period of imprisonment that could be imposed upon an adult convicted of the offense or offenses

4

that brought the youth under jurisdiction of a youth court. This statute would require the Department to provide other appropriate placement and rehabilitation once the maximum period is reached. In addition, § 41-5-523(6), MCA, allows a youth court to modify any of its orders at any time upon notice to the Department and subsequent hearing. This Court has held that a youth court has the authority to review the decision of the Department to determine if the placement is in the best interests of the youth to assure that the youth retains his rights in case the Department exceeds or abuses its authority. In the Matter of Application of Peterson on Behalf of B.S.M., a youth, (1989), 235 Mont. 313, 316, 767 P.2d 319, 321.

In addition, the Youth Court Act provides a procedure whereby a youth placement committee makes recommendations for placement to the Department and outlines the procedure the Department must go through if it chooses to reject the committee's recommendation. Section 41-5-527, MCA.

We hold that § 41-5-523, MCA, is not unconstitutionally broad on its face in giving the power to the Department to make placements of youth committed to its custody and care by a youth court.

T.A.S. also contends the statute is unconstitutionally vague. The standard to judge a statute for vagueness is stated in State v. Woods (1986), 221 Mont. 17, 22, 761 P.2d 624, 627.

> The general rule is that a statute is void on its face if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden. United States v. Harriss (1954), 347 U.S. 612, 74 S.Ct.

808, 98 L.Ed. 989; City of Choteau v. Joslyn (1984), 678 P.2d 665, 668, 41 St.Rep. 492, 497.

[W]here statutes are so vague and uncertain in their terms as to convey no meaning or if the means of carrying out those provisions are not adequate or effective, the courts must declare the penal provisions void. Missoula High School Legal Defense Association v. Superintendent of Public Instruction (1981), 196 Mont. 106, 112, 637 P.2d 1188, 1192.

The statute clearly outlines the options and limitations in disposition available to a youth court and clearly places limits on the Department in its placement and rehabilitation of youth committed to its care and custody. We hold § 41-5-523, MCA, is not vague.

## II

Did procedural errors in commitment proceedings deprive appellant of equal protection under the Law?

T.A.S. argues that he was denied equal protection under the law based on two separate theories. The first theory is that the status of the youth, the financial resources of the parents, and the available funds of the Department all work together to result in some youthful offenders being treated differently than others who are similarly situated. The basis of T.A.S.'s argument appears to be that if the home environment of T.A.S. would have allowed return to his home or if his mother would have had adequate financial resources to provide alternative placement, T.A.S. would not be placed in a youth correctional facility. There is no basis in the record to indicate that the condition of T.A.S.'s home

6

environment or the financial resources of his mother were determining factors in T.A.S.'s placement.

The second theory of T.A.S.'s equal protection argument is that T.A.S. claims the Department failed to establish a record of the placement committee proceedings that can be reviewed by this Court. There is no basis in the record to substantiate T.A.S.'s claim that no record was made.

Therefore, we hold that T.A.S. has failed to present any facts which establish an equal protection claim.

## III

Did the Youth Court abuse its discretion when it committed appellant to the Department of Family Services until the age of 19?

It is well settled in Montana that absent a clear showing of abuse of discretion, the District Court judgment will not be overruled. Gray v. Gray (1990), 788 P.2d 909, 47 St.Rep. 552.

T.A.S. claims that because the offense that led to the Youth Court's determination that he is a delinquent youth was only a misdemeanor, he should not have been committed to the Department for three years. T.A.S. contends this is two and a half years longer than he could have been incarcerated for the offense if he had been convicted as an adult and therefore was a clear abuse of discretion.

Both the Youth Court Act and this Court have made it clear that a delinquent youth is not committed to the Department as punishment for a crime, but is committed as a delinquent youth for care, protection and rehabilitation. Section 41-5-102(2), MCA.

7

In the Matter of C.S. (1984), 210 Mont. 144, 146, 687 P.2d 57, 59. Commitment is strictly for rehabilitation, not retribution. Section 41-5-106, MCA. C.S. 210 Mont. at 146, 687 P.2d at 59. The purpose of the Youth Court Act is "to provide a mechanism through which the state can act as the parens patriae of its youth." Id. at 147, 687 P.2d at 59. The Department fulfills that roll under the Act and it was not an abuse of discretion to commit appellant to the Department until the age of 19.

IV

Was it error for the Youth Court and the Department to fail to seriously consider alternative placement?

Nothing in the record of the Youth Court proceedings in this case indicate that the judge failed to consider alternative placement. This was not the first time T.A.S. had been before the Youth Court. In the previous actions, T.A.S. had been placed in his mother's care, in an attention home, and in an out-of-state rehabilitation program. Several times T.A.S. had run away. Under these facts there is no indication that the judge has failed to consider alternative placements for the appellant in this case.

Nothing in the record before this Court indicates a failure of the Department to consider alternative placement. Absent a proper record, this Court is not able to review T.A.S.'s claim.

Therefore, we hold that appellant has failed to establish his claim on this issue.

The District Court is affirmed.

_____
Justice

8

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_William E. Hunt_

_R. C. McDonough_
Justices

9