JUSTICE WARNER
delivered the Opinion of the Court.
¶1 Plaintiffs Cary and Terra Rohlfs brought suit against Klemenhagen, L.L.C., doing business as the Stumble Inn, to recover damages incurred as the result of an automobile accident involving a patron of the Stumble Inn. The Twenty-First Judicial District Court, Lake County, granted Stumble Inn’s motion to dismiss based on a provision of Montana’s Dram Shop Act, § 27-1-710(6), MCA, that requires a claimant give notice to the potential defendant of intent to sue to within 180 days of the alleged furnishing alcohol to an intoxicated person. The Rohlfs appeal. The issues raised are:
¶2 Issue 1: Is § 27-1-710(6), MCA, special legislation prohibited by Article V, Section 12, of the Montana Constitution?
¶3 Issue 2: Is § 27-1-710(6), MCA, unconstitutional as a violation of equal protection of the law required by Article II, Section 4, of the Montana Constitution?
FACTUAL AND PROCEDURAL BACKGROUND
¶4 One evening in June 2006, Joseph Warren left the Stumble Inn tavern after several hours of drinking. Shortly thereafter, while driving his pickup truck, he collided with an automobile driven by Cary Rohlfs, causing Rohlfs severe injuries. Montana Highway Patrol officers investigating the accident observed that Warren smelled of alcohol and a test revealed that his blood alcohol level was 0.14, *135 indicating his ability to drive was impaired by alcohol. Warren pled guilty to the offense of negligent vehicular assault. Stumble Inn does not contest in this appeal that Warren, at least in part, tortiously caused the accident and Rohlfs’ resulting injuries. Both the Rohlfs and employees of the Stumble Inn knew immediately after the accident that Warren had been drinking alcohol at that bar just before he caused the accident.
¶5 A little over a year after the accident, in July 2007, the Rohlfs filed their complaint, alleging Stumble Inn is liable to them for the injuries caused by Warren because its employees served alcohol to him shortly before the accident while he was visibly intoxicated, in violation of § 27-l-710(3)(b), MCA. Stumble Inn moved to dismiss the complaint based on § 27-1-710(6), MCA, that provides:
A civil action may not be commenced under this section against a person who furnished alcohol unless the person bringing the civil action provides notice of an intent to file the action to the person who furnished the alcohol by certified mail within 180 days from the date of sale or service. The civil action must be commenced pursuant to this section within 2 years after the sale or service.
¶6 In response to the motion to dismiss, the Rohlfs concede they did not give the notice required by § 27-1-710(6), MCA, to Stumble Inn within 180 days. The Rohlfs argued to the District Court that the notice provision may not be enforced because it is unconstitutional special legislation and violates their right to equal protection of the law. The District Court granted the motion to dismiss. On appeal, the Rohlfs reiterate their special legislation and equal protection claims.
STANDARDS OF REVIEW
¶7 Statutes are presumptively constitutional. City of Billings v. Albert, 2009 MT 63, ¶ 11, 349 Mont. 400, 203 P.3d 828. A person challenging a statute’s constitutionality bears the burden of proving it unconstitutional beyond a reasonable doubt. Eklund v. Wheatland County, 2009 MT 231, ¶ 14, 351 Mont. 370, 212 P.3d 297. The constitutionality of a statute is a question of law and we review the district court’s application of the Constitution for correctness. Our review of constitutional questions is plenary. City of Billings, ¶ 11.
¶8 The question of whether a district court properly granted a motion to dismiss is a conclusion of law that we review for correctness. Public Lands Access Assn., Inc. v. Jones, 2008 MT 12, ¶ 9, 341 Mont. 111, 176 P.3d 1005.
*136 DISCUSSION
¶9 Issue 1: Is §27-1-710(6), MCA, special legislation prohibited by Article V, Section 12, of the Montana Constitution?
¶10 The Montana Constitution provides:
The legislature shall not pass a special or local act when a general act is, or can be made, applicable.
Mont. Const, art. V, § 12.
¶11 Rohlfs makes no “as applied” constitutional challenge to § 27-1-710(6), MCA. The central point of the Rohlfs’ argument is that § 27-1-710(6), MCA, is prohibited special legislation as there is nothing unique about cases against bar owners under the Dram Shop Act, as compared to negligence cases generally, which makes evidence and witnesses more likely to disappear quickly. Thus, the Rohlfs assert the 180-day notice provision in § 27-1-710(6), MCA, has singled out “dram shop plaintiffs” for a unique procedural disability that is arbitrary and does not arise from any distinction that can withstand constitutional muster.
¶12 In the constitutional context, a law is not local or special if it operates in the same manner upon all persons in like circumstances. If a law operates uniformly and equally upon all brought within the circumstances for which it provides, it is not a local or special law. Lowery v. Garfield County, 122 Mont. 571, 586, 208 P.2d 478, 486 (1949). On the other hand, a law is special legislation if it confers particular privileges or disabilities upon a class of persons arbitrarily selected from a larger group of persons, all of whom stand in the same relation to the privileges or disabilities.
A special statute is one which relates to particular persons or things of a class, or one made for individual cases and for less than a class, or one which relates and applies to particular members of a class, either particularized by the express terms of the act or separated by any method of selection from the whole class to which the law might, but for such limitation, be applicable.
Lowery, 122 Mont, at 587, 208 P.2d at 487 (internal citations omitted). ¶13 Class legislation may be constitutional if the class established is germane to the purpose of the law and is characterized by some special qualities or attributes which reasonably render the legislation necessary. In other words, if the classification is reasonable and the law operates equally upon every person or thing within the given class, it is not unconstitutional. State ex rel., Fisher v. School Dist. No. 1, 97 Mont. 358, 366-67, 34 P.2d 522, 525-26 (1934). Reasonable *137 classifications of persons will be upheld against a special legislation challenge. Linder v. Smith, 193 Mont. 20, 30, 629 P.2d 1187, 1192 (1981). A presumption exists in favor of a law being constitutional and the classification being reasonable. Great Falls Nat. Bank v. McCormick, 152 Mont. 319, 323, 448 P.2d 991, 993 (1968).
¶14 Section 27-1-710(6), MCA, does set up a class: those who seek to recover from a person or entity who furnished alcohol to a visibly intoxicated person who later caused an injury. This does not mean the statute is unconstitutional. It is constitutional if the established class is reasonable and treats all those equally that are within the class. Great Falls Nat. Bank, 152 Mont. at 323, 448 P.2d at 993 (citing State v. Safeway Stores, Inc., 106 Mont. 182, 76 P.2d 81 (1938)).
¶15 At common law, a purveyor of alcohol could not be held liable for injuries caused to a third party by his intoxicated patron or guest. The reason behind this rule was the idea that the consumption, rather than the furnishing of the alcoholic beverage, proximately caused the injury. Nevin v. Carlasco, 139 Mont. 512, 514-15, 365 P.2d 637, 638 (1961). However, in Nehring v. LaCounte, 219 Mont. 462, 471, 712 P.2d 1329, 1335 (1986) (overruling Runge v. Watts, 180 Mont. 91, 589 P.2d 145 (1979)), this Court held that to exempt a purveyor of alcohol from liability without regard to his own negligence or fault was a Neanderthal approach to dram shop liability and rejected the common law rule.
¶16 After Nehring, the Legislature enacted § 27-1-710, MCA, commonly referred to as the Dram Shop Act, with the stated purpose to set statutory criteria governing the liability of a person or entity that furnishes an alcoholic beverage for injury or damage arising from an event involving the person who consumed the beverage. Section 27-1-710(1), MCA. In 2003, the Fifty-eighth Legislature enacted subsection (6) of the statute, adding the 180-day notice requirement the Rohlfs now attack.
¶17 In this instance, the legislative history reveals what motivated the Legislature to add the notice provision in question. In summary, the proponents of the notice requirement testified it is oftentimes difficult, if not impossible, to gather and preserve evidence concerning an event where a potential defendant was not present and may not be aware created potential liability. The legislators were also told that insurance coverage for liability created by the Dram Shop Act was not readily available because the gathering of evidence and location of witnesses was difficult. The Legislature accepted these arguments, and in its wisdom decided the 180-day notice requirement was appropriate to *138 help alleviate the problem. Thus, it adopted subsection (6) to fix a time within which notice of a claim must be given, so that recollections are reasonably intact and witnesses are still available.
¶18 The dissent passionately disagrees with the Legislature’s policy decision to create a class of tort defendants that serve alcohol and then establish a shorter period within which members of that class may commence a lawsuit. However, the fact finding process and motivation of legislative bodies is entitled to a presumption of regularity and deferential review by the judiciary. 16A Am. Jur. 2d Constitutional Law § 271 (1998) (citing Walters v. National Ass’n of Radiation Survivors, 473 U.S. 305, 105 S. Ct. 3180 (1985)). It is not the function of the courts to second-guess the legislature and substitute their judgment on the policy of limiting the ability to bring suit against one who furnishes alcoholic beverages. See Watters v. Guaranty Nat. Ins. Co., 2000 MT 150, ¶ 51, 300 Mont. 91, 3 P.3d 626, overruled on other grounds, Shilhanek v. D-2 Trucking, Inc., 2003 MT 122, 315 Mont. 519, 70 P.3d 721; State Bar of Montana v. Krivec, 193 Mont. 477, 481, 632 P.2d 707, 710 (1981); Linder, 193 Mont, at 29, 629 P.2d at 1192. Adherence to this principle is not fawning or groveling before the legislature, it is respect for the role of the policymaking body in our system of government. The courts are limited to a determination of whether it is reasonable to differentiate between the classes created by the legislation in question. Here, those classes are tort claims against a defendant directly involved in the incident causing damage and those where the defendant is not present and may not be aware that an incident occurred until being served with a complaint.
¶19 The class created under § 27-1-710(6), MCA-plaintiffs who utilize a statutory scheme to bring an action against a defendant that is not immediately aware it may be held liable-is germane to the purpose of requiring members of this class notify a potential defendant of their claim. This class of plaintiffs is characterized by the special nature of the Dram Shop Act, which creates a statutory claim that arises even though defendants may not be aware they are alleged to have caused an injury. The notice provision operates equally upon every person who seeks redress under the Dram Shop Act, be it against a bartender, a tavern owner, a club or organization holding some sort of an event, or a social host who has friends to dinner. The wisdom of the notice requirement of § 27-1-710(6), MCA, is subject to debate. However, it operates uniformly and equally upon all brought within the circumstances for which it provides. There is a presumption that the classification is reasonable and that the Legislature acted on *139 legitimate grounds. Great Falls Nat. Bank, 152 Mont, at 323, 448 P.2d at 993.
¶20 Although the dissent engages in a lengthy examination of the evidence presented to the legislature to justify passing § 27-1-710(6), MCA, and then finds it insufficient, this Court has no license to psychoanalyze the legislators. See Wallace v. Jaffree, 472 U.S. 38, 74, 105 S. Ct. 2479, 2499 (1985) (O’Connor, J., concurring). This Court’s role is not to determine the prudence of a legislative decision. Satterlee v. Lumberman’s Mutual Ins. Co., 2009 MT 368, ¶ 34, 353 Mont. 265, 222 P.3d 566. It is for the legislature to pass upon the wisdom of a statute. McClanathan v. Smith, 186 Mont. 56, 66, 606 P.2d 507, 513 (1980). We conclude that § 27-1-710(6), MCA, does not, beyond a reasonable doubt, create an unreasonable classification. The statute is not unconstitutional as special legislation prohibited by Article V, Section 12, of the Montana Constitution.
¶21 Issue 2: Is §27-1-710(6), MCA, unconstitutional as a violation of equal protection of the law required by Article II, Section 4, of the Montana Constitution?
¶22 Article II, Section 4, of the Montana Constitution guarantees that “[n]o person shall be denied the equal protection of the laws.” The Rohlfs contend that § 27-1-710(6), MCA, denies them equal protection of the law because it unconstitutionally imposes a burden on plaintiffs who bring suit under the Dram Shop Act that is not imposed on other general negligence plaintiffs.
¶23 When presented with an equal protection challenge, we first identity the classes involved and determine whether they are similarly situated. Farrier v. Teacher’s Retirement Bd., 2005 MT 229, ¶ 15, 328 Mont. 375, 120 P.3d 390. The basic rule of equal protection “is that persons similarly situated with respect to a legitimate governmental purpose of the law must receive like treatment.” Oberson v. U.S. Dept. of Agric., Forest Service, 2007 MT 293, ¶ 19, 339 Mont. 519, 171 P.3d 715. If the classes at issue are not similarly situated, the first criterion for proving an equal protection violation is not met, and our equal protection analysis ends. State v. Egdorf, 2003 MT 264, ¶ 15, 317 Mont. 436, 77 P.3d 517. Nevertheless, if the classes established are similarly situated, a legislative act is not necessarily unconstitutional because it benefits a particular class, so long as the law operates equally upon those within the class. Farrier, ¶ 15.

A. Similarly situated

¶24 The Rohlfs contend that dram shop plaintiffs and general negligence plaintiffs are similarly situated. Stumble Inn contends that *140 purveyors of alcohol-social hosts, tavern owners, charity event planners-are sufficiently different from general negligence defendants, and thus separate treatment is appropriate.
¶25 The purpose of the Dram Shop Act is to set criteria governing the liability of a person or entity that furnishes an alcoholic beverage for injury or damage arising from an event involving the person who consumed the beverage. Section 27-1-710(1), MCA. Subsection (6) of § 27-1-710, MCA, the notice requirement in question, imposes an obligation on persons who allege they are injured as a result of furnishing alcohol. While those who make a claim under the Dram Shop Act must take an additional step before bringing suit, they are still in a similar situation as others who allege injury by the wrongful act or omission of another.

B. Level of scrutiny

¶26 Once classifications have been identified, we next determine which of the established levels of scrutiny is appropriately applied: strict scrutiny, middle-tier scrutiny, or the rational basis test. Snetsinger v. Montana University System, 2004 MT 390, ¶ 17, 325 Mont. 148, 104 P.3d 445. Strict scrutiny applies if a suspect class or fundamental right is affected. Under the strict scrutiny standard, the government has the burden of showing that the law is narrowly tailored to serve a compelling government interest. Snetsinger, ¶ 17. We apply middle-tier scrutiny if the law affects a right conferred by the Montana Constitution, but is not found in the Constitution’s Declaration of Rights. Farrier, ¶ 16. The rational basis test is appropriate when neither strict scrutiny nor middle-tier scrutiny apply. Under the rational basis test, it is the challenger’s burden to show the law is not rationally related to a legitimate government interest. Snetsinger, ¶ 19.
¶27 The Rohlfs urge the Court to apply a strict scrutiny analysis to their equal protection claim, by suddenly switching to an argument that § 27-1-710(6), MCA, constitutes a violation of Article II, Section 16, of the Montana Constitution because it closes the courthouse door to a plaintiff who has not given the required notice. Article II, Section 16, of Montana’s Constitution guarantees that “[cjourts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character.” The courthouse door was, of course, open to the Rohlfs. It closed only when the required notice was not given within 180 days.
¶28 It is not necessary in this case to reanalyze whether Article II, Section 16, guarantees a fundamental right to a particular cause of *141 action, remedy, or redress for the purpose of deciding if strict scrutiny applies in this case.[1] The Dram Shop Act provides a remedy upon proof it was violated. The Rohlfs do not attack the legislative alteration of the elements of their claim occasioned by § 27-1-710(3), MCA.
¶29 The notice requirement of § 27-1-710(6), MCA, under examination in this case, is in the nature of a period of limitation placed on the ability to commence a civil action for damages. It does not involve a suspect class or a fundamental right and strict scrutiny is not required. Nor does the notice requirement require middle-tier scrutiny, which generally has been applied to discriminatory classifications based on sex or illegitimacy. See State of Ariz. v. Sasse, 245 Mont. 340, 344, 801 P.2d 598, 601 (1990) (citing Clark v. Jeter, 486 U.S. 456, 108 S. Ct. 1910 (1988)). The legislature may impose reasonable procedural requirements on available remedies so long as those requirements have a rational basis. Harrison v. Chance, 244 Mont. 215, 225, 797 P.2d 200, 206 (1990); Meech v. Hillhaven West, Inc., 238 Mont. 21, 30, 776 P.2d 488, 493 (1989). Access to the courts may be hindered if there is a rational basis for doing so. Linder, 190 Mont. at 25-26, 629 P.2d at 1190. The rational basis test applies to analyzing whether a liability limitation imposed through a special statute of limitations violates equal protection. Reeves v. Ille Elec. Co., 170 Mont. 104, 112-13, 551 P.2d 647, 652 (1976).

C. Rational Basis Test

¶30 The Rohlfs ignore the fact that the entirety of § 27-1-710, MCA, applies not only to tavern owners, but to all who might give or sell an alcoholic beverage to another. They argue the Legislature has no rational basis for requiring them to give notice to Stumble Inn within 180 days of serving alcohol to Warren because the proposition that tavern owners somehow have more difficulty preserving potential witness testimony than other negligence defendants is fundamentally flawed. The Rohlfs claim the fundamental flaw is that the Legislature was presented with insufficient evidence that tavern owners have more difficulty locating witnesses and preserving evidence than other defendants in civil actions. According to the Rohlfs, § 27-1-710(6), MCA, is really a gratuitous windfall for the tavern industry.
¶31 The rational basis test requires a law to be rationally related to a legitimate government interest. Snetsinger, ¶ 19. What a court may think as to the wisdom or expediency of the legislation is beside the *142 question and does not go to the constitutionality of a statute. The court is to assume that the Legislature was in a position and had the power to pass upon the wisdom of the enactment, and in the absence of an affirmative showing no valid reason existed behind the classification, it is not to be disturbed. McClanathan, 186 Mont, at 66, 606 P.2d at 513 (1980) (citing State ex rel. Hammond v. Hager, 160 Mont. 391, 399, 503 P.2d 52, 56 (1972). The purpose of the legislation does not have to appear on the face of the legislation or in the legislative history. It may be any possible purpose of which the court can conceive. Stratemeyer v. Lincoln Co., 259 Mont. 147, 152, 855 P.2d 506, 509-10 (1993);Kottel v. State, 2002 MT 278, ¶ 55, 312 Mont. 387, 60 P.3d 403.
¶32 The Rohlfs refer the Court to the proceedings before the Senate and House Business and Labor Committees of the Fifty-eighth Legislature where the notice requirement was discussed. It is not for this Court to review the quantity and quality of information that moved the Legislature to act. The Court’s task is to examine the result and if the law is rationally related to a legitimate government purpose, it withstands a constitutional challenge.
¶33 It cannot be gainsaid that the government has a legitimate interest in establishing rules for the conduct of litigation and in setting periods of limitation for particular types of claims. See Title 27, Chapter 2, MCA, Statutes of Limitations .[2] While it is not necessary that the rationale behind a particular statute be apparent on its face in order for it to pass constitutional muster, in this case the rationale is known. In an action under the Dram Shop Act, the plaintiff has the burden of proof. Nevertheless, the plaintiff has immediate knowledge of the incident and the ability to begin an investigation and preserve evidence. On the other hand, the defendant most likely was not present at the incident and may not know an incident occurred. The people’s representatives determined it is appropriate that a potential defendant should have notice of a possible claim within six months, so that he, she, or it could, like a plaintiff, locate witnesses and preserve potential evidence. There is a rational basis for the 180-day notice requirement.
¶34 Other special periods of limitation have survived an equal protection challenge. In a discrimination context, this Court held that 180-day statute of limitations was a rational way preventing stale claims and ensuring that claims are filed before essential evidence *143 disappears. Harrison, 244 Mont, at 225, 797 P.2d at 206. Concerning medical malpractice claims by a minor, this Court held that a statute of limitations that applied only to minors had a rational basis and did not violate Article II, Section 4-the equal protection clause of the Montana Constitution. Estate of McCarthy v. Montana Second Judicial Dist. Court, Silver Bow Co., 1999 MT 309, ¶ 19, 297 Mont. 212, 994 P.2d 1090.
¶35 We conclude that § 27-1-710(6), MCA, is rationally related to a legitimate government purpose and therefore does not violate Article II, Section 4, of the Montana Constitution.
CONCLUSION
¶36 Section 27-1-710(6), MCA, is not invalid as special legislation and does not deny the Rohlfs equal protection of the law. The judgment of the District Court is affirmed.
CHIEF JUSTICE McGRATH and JUSTICE RICE concur.

 This issue is exhaustively analyzed in Meech v. Hillhaven West, Inc., 238 Mont. 21, 776 P.2d 488 (1989).

 Scattered throughout the Montana Code Annotated there are many periods of limitation which are too numerous to mention.