No. 83-381

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

CITY OF CHOTEAU,

Plaintiff and Respondent,

-vs-

CHARLES M. JOSLYN,

Defendant and Appellant.

APPEAL FROM: District Court of the Ninth Judicial District,
In and for the County of Teton,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Charles M. Joslyn, Choteau, Montana

For Respondent:

Murphy & Curtis, Choteau, Montana

Submitted on Briefs:  January 12, 1984

Decided:  March 29, 1984

Filed:  MAR 29 1984

*Ethel M. Harrison*
—————————————————————
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This matter involves misdemeanor charges lodged by the City of Choteau against Charles M. Joslyn for keeping two unlicensed dogs at his residence in Choteau in violation of the city ordinance.

Joslyn challenges the authority of the City to regulate dogs in the manner provided in the ordinance. After contested legal proceedings regarding the city judge's jurisdiction, Joslyn was found guilty in City Court and fined $1,070 and assessed costs of $246. Joslyn appealed to the District Court and, following a nonjury trial, was found guilty of violating the ordinance and fined $320. Joslyn appeals the conviction. We affirm.

The history of this matter is as follows:

On August 3, 1981, Joslyn was charged with violation of Title 4, Chapter 2, Section 4(A) of the City Code of the City of Choteau, in that he did purposely, knowingly, or negligently keep two unlicensed dogs. He entered pleas of not guilty and a motion to dismiss on August 11, 1981. On August 12, 1981, Joslyn moved for substitution of judge and on August 12, 1981, City Judge John Albrecht denied the motion for substitution and ordered Joslyn to file a brief in support of his motion to dismiss no later than August 22, 1981. Joslyn did not file the brief. On September 17, 1981, Joslyn filed an affidavit of disqualification. He failed to file any certificate of mailing even though he had previously been ordered to do so. On September 21, 1981, Albrecht ordered that Joslyn would have until October 2, 1981, to file a brief in support of his affidavit. Joslyn did not file the brief.

2

On September 23, 1981, Joslyn filed a petition for a writ of prohibition in the District Court. The writ was granted on September 24, 1981, and a show cause hearing was set for October 6, 1981.

On October 13, 1981, the City filed a total of four additional complaints alleging that the defendant kept two unlicensed dogs at his residence on October 10, 1981, and again on October 12, 1981.

On October 20, 1981, Joslyn filed an affidavit of disqualification pertaining to those four complaints. On October 31, 1981, the city judge returned the affidavit to Joslyn for his failure to include a certificate of service upon the city attorney. Joslyn filed an identical affidavit of disqualification again on October 22, 1981. On the same day the city judge again requested and ordered Joslyn to brief the questions of disqualification on or before November 2, 1981. Again, Joslyn failed to file the brief in support of disqualification.

On October 23, 1981, Joslyn filed a writ of prohibition with the District Court and Judge William Coder assumed jurisdiction. Joslyn had been ordered to appear on the four new complaints on October 23, 1981. He did not appear. A plea of not guilty was entered by the city judge and a jury trial was set for December 7, 1981.

On November 2, 1981, the City of Choteau filed two new complaints involving the same two dogs at the same location and summoned Joslyn to appear on November 13, 1981.

On November 12, 1981, Joslyn filed a motion to dismiss all complaints. On the same day he filed another affidavit of disqualification.

3

On November 13, 1981, the city judge ordered defendant to file his supporting brief on or before November 22, 1981, and set a reply schedule for the City.

On November 16, 1981, the city judge, due to defendant's failure to appear on November 13, 1981, entered a plea of not guilty and ordered trial on the last two complaints for December 7, 1981. Furthermore, the judge ordered defendant to file briefs on the motions to dismiss and on his affidavit for disqualification to be submitted on or before November 22, 1981, or be deemed denied.

On November 17, 1981, Joslyn filed a motion for more time to file a brief. On November 18, 1981, the city judge denied the motion and ordered all causes consolidated and vacated the December 7 trial and set a new trial date.

By order dated November 20, 1981, the city judge ordered trial on the initial complaint vacated without date because the District Court order prohibited the City Court from taking action in that cause.

On December 3, 1981, Joslyn filed his brief on motion to dismiss and on December 16, 1981, the City of Choteau filed its brief in opposition.

On December 11, 1981, the District Court issued a writ of supervisory control prohibiting the city judge from presiding over further proceedings.

The City of Choteau and the city judge appealed to the Montana Supreme Court on December 11, 1981.

On January 4, 1982, the city judge issued an order vacating the trial of January 13, 1982, in compliance with the District Court order dated December 11, 1981.

The parties submitted the matter on briefs to the Supreme Court and it was decided on May 13, 1982. The

4

Supreme Court found in the City's favor on two issues and remanded on a third. State ex rel. Charles Joslyn v. City Court of Choteau (Mont. 1982), 645 P.2d 428, 39 St.Rep. 884.

On May 18, 1982, the District Court ordered Betty Rainville, Pondera County Justice of the Peace, to hear further proceedings on the cause.

Justice Rainville accepted jurisdiction on June 1, 1982.

Justice Rainville ruled on the affidavits of disqualification by denying disqualification.

On June 15, 1982, the court set a jury trial for June 28, 1982. On June 16, 1982, the City Attorney filed seven amended complaints. Joslyn was ordered to appear in person or by writing on June 21, 1982, to plead to the amended complaints.

On June 21, 1982, Joslyn entered an objection to jurisdiction of the city judge and entered a motion to dismiss the amended complaints. The city judge ruled on motions to dismiss for complaints one through seven and ordered briefs on motions eight and nine. Joslyn once again failed to appear and plea as ordered.

The judge entered a plea of not guilty. Jury trial was set for June 28, 1982.

Defendant Joslyn finally filed a brief on his motions to dismiss on June 25, 1982. The City filed its brief in opposition on June 28, 1982, prior to trial.

A jury trial was held on June 28, 1982, and defendant Joslyn failed to appear. He was found guilty of the offense of keeping an unlicensed dog on seven different complaints. Sentence was rendered on July 2, 1982, fining Joslyn $1,070 and assessing costs of $246 for a total of $1,316.

On July 8, 1982, Joslyn appealed to the District Court. On July 13, 1982, the City filed a motion for substitution of judge. On August 30, 1982, Judge R. D. McPhillips ordered Judge Wheelis be given jurisdiction and Judge Wheelis assumed jurisdiction on September 10, 1982.

The District Court entered its order denying Joslyn's motion to dismiss. The parties stipulated on February 21, 1983, to a nonjury trial and trial was set for March 15, 1983. The City of Choteau filed a notice of intent to seek costs on March 2, 1983.

Trial was held on March 15, 1983, and Joslyn was found guilty of the offenses as charged and fined $320. Joslyn now appeals.

I

At the outset, we find Joslyn's attempts to manipulate the justice system and the courts of this state in order to avoid licensing two dogs to be appalling. Furthermore, we find Joslyn's blatant acts of defiance in regard to court orders totally inexcusable. It is the duty of every member of the legal profession in this state to help promote public confidence both in the profession and the members of that profession. Joslyn has failed miserably in this duty.

II

Appellant Joslyn raises a number of issues on appeal, most of which are not supported in the facts or are raised simply as a smokescreen in an attempt to cloud the real issues. The controlling issues are as follows:

1. Does the City of Choteau have the authority to regulate the keeping of dogs; and,

2. Is the ordinance by which the City of Choteau attempts to regulate the keeping of dogs constitutional?

## III

The first issue is whether the City of Choteau has the power to regulate dogs and persons who keep them.

Section 7-23-101 of the Montana Codes Annotated provides for local government control of dogs. It states that it "shall be unlawful . . . for any person to own, harbor, or keep any dog over the age of five months . . . unless the dog has attached to its neck a substantial collar on which is fastened a license tag issued by the authority of a county or municipal corporation . . ." Section 7-23-101, MCA.

Further, "The city or town council has the power to license the keeping of dogs . . ." Section 7-23-4102, MCA.

The facts are clear that the dogs kept at the Joslyn residence were over the age of five months. It is also uncontroverted that the dogs were in fact kept at the Joslyn residence. Given these facts, the City of Choteau clearly had the necessary statutory authority to require their licensing.

## IV

The second issue is whether the ordinance under which the City of Choteau regulates the keeping of dogs is unconstitutional.

Joslyn contends that the city ordinance under which he was prosecuted is so broad, vague and indefinite as to violate the due process guarantees of the United States Constitution and the Constitution of the State of Montana.

7

The city ordinance under which Joslyn was charged provides as follows:

> "No person shall own, harbor, keep or have control of any unlicensed dog in the City, or permit or allow any unlicensed dog to remain on any premises under control or possession of such person contrary to the provisions of this Chapter." Section 4-2-4(A), Ordinances, City of Choteau.

The issue of "vagueness" with regard to a statute or ordinance can be raised in two different conotations: (1) whether it is so vague the law is rendered void on its face; or (2) if it is vague as applied in a particular circumstance.

The general rule is that a statute or ordinance is void on its face if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute. United States v. Harriss (1954), 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989.

Joslyn argues that since the terms "harbor" and "keep" are not defined, the ordinance is unconstitutionally vague. We do not agree. We find the meaning of the terms clear within the context of the statute and further find that any person of ordinary intelligence is given sufficient notice as to what behavior is prohibited by the ordinance.

Since the ordinance is not unconstitutionally vague on its face and there is no evidence that it is unconstitutional in its application in this matter, we affirm the ruling of the District Court finding Joslyn guilty of violation of the ordinance.

Affirmed.

_____
Chief Justice

We concur:

_Daniel J. Shea_

_Fred J. Weber_

_Frank B. Morrison_

_John C. Sheehy_
Justices