JUSTICE GRAY
specially concurring.
I concur in the result reached by the Court, but not in all that is said in reaching that result. Specifically, I disagree that the “impermissible in all its applications” language from Hoffman Estates v. Flipside, Hoffman Estates, Inc. (1982), 455 U.S. 489, 102 S.Ct. 1186, *6 71 L.Ed.2d 362 (Hoffman) is to be read as literally as the Court suggests. As a practical matter, such a reading would make it impossible to succeed in any facial void for vagueness challenge. Nor is such a literal reading supported by the United States Supreme Court’s discussion and application of that language in Hoffman.
Indeed, in all candor, I hardly know what to make of the Hoffman decision. Throughout the opinion in that case, the Supreme Court appears to intermingle traditionally separate “void for vagueness on its face” and “void for vagueness as applied” concepts. It does so by repeated references in its pronouncements, and its application of those pronouncements, to factual and record-based materials relating to Flipside’s conduct, the notion of examining a complainant’s conduct before analyzing other hypothetical applications of the law, and the like. In so doing, the Supreme Court has blurred the rules governing the heretofore purely legal issue involved in a facial void for vagueness challenge. Given the posture in which the present case is before this Court — that is, on the facial challenge and without a single shred of fact or evidence of record — I conclude that Hoffman provides little appropriate or applicable guidance here.
I believe it is appropriate to begin with the Supreme Court’s oft-stated pronouncement of the critical element involved in evaluating criminal statutes under a void for vagueness challenge, noting its consistency with this Court’s standard, as enunciated in City of Choteau v. Joslyn (1984), 208 Mont. 499, 678 P.2d 665:
[B]eeause we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning.
Grayned v. City of Rockford (1972), 408 U.S. 104, 108, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222, 227. In short form, this element might be referred to as “fair warning.”
I conclude that adding the scienter, mens rea or mental state element of the offense with which the Monroes were charged to the two statutes relating to residency provides sufficient fair warning of the conduct necessary to “stay on the right side of the law” and negate a successful facial challenge to the statutes at issue here. I note that, in Hoffman, the Supreme Court specifically referenced and applied its long-standing recognition of a scienter requirement as mitigation of a statute’s vagueness, “especially with respect to the adequacy of *7 notice to the complainant that his conduct is proscribed.” Hoffman, 455 U.S. at 499, 102 S.Ct. at 1193 (citations omitted).
In the case before us, I agree that the “guidelines” contained in § 1-1-215, MCA, are insufficient on a stand-alone basis to withstand a facial challenge for vagueness in the context of a criminal proceeding. It is my view that the 6-months factor contained in § 87-2-102(2), MCA (1989), adds at least a modicum of clarity to the residency definition. However, it is the addition of the “mental state” element of the offense charged that I believe sufficiently mitigates the vagueness of the other two statutes with respect to the “fair warning” element and saves the statutes from a facial vagueness challenge.
The Monroes were charged under § 87-2-205, MCA, which provides that it is “unlawful to subscribe to any false statement in an application for a wildlife conservation license.” The mental state statutorily required for the offense — “knowingly” or “purposely” — is provided in § 87-1-102, MCA, and defined in § 45-2-101, MCA. Thus, it is clear the offense contains a scienter requirement of making a false statement concerning residence knowingly or purposely as those terms are defined in the Montana criminal code.
Taken together with the residence guidelines contained in §§ 87-2-102(2) and 1-1-215, MCA, it is my view that the scienter requirement provides sufficient warning of the required or prohibited conduct. As the Supreme Court has stated:
A criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation. But few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainly can be demanded. Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.
Boyce Motor Lines v. United States (1952), 342 U.S. 337, 340, 72 S.Ct. 329, 330-31, 96 L.Ed. 367, 371.
For the reasons stated herein, I join in the result reached by the Court: namely, that the Monroes’ facial challenge on vagueness grounds has not been sustained here.