No. 96-458

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

    Plaintiff and Respondent,

v.

FRANK NICHOLAS WILSON,

    Defendant and Appellant.

FILED

APR 1 - 1997

Clerk of Supreme Court
STATE OF MONTANA


APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Jeffrey T. Renz and Aileen B. Miller;
Montana Defender Project; Missoula, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General;
Pamela P. Collins, Assistant Attorney
General; Helena, Montana

        Mike McGrath, Lewis and Clark County
Attorney; Helena, Montana


Submitted on Briefs: February 20, 1997

Decided: April 1, 1997

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The defendant, Frank N. Wilson, was charged by information, filed in the District Court for the First Judicial District in Lewis and Clark County, with the offense of robbery, a felony, in violation of § 45-5-401, MCA. He pled guilty to the offense charged, and the District Court sentenced him to a fifteen-year term of imprisonment. The District Court also concluded that during the robbery he used a dangerous weapon and, on that basis, sentenced him, pursuant to § 46-18-221, MCA, to an additional four-year term of imprisonment. Wilson appeals. We reverse that part of the District Court's judgment which was based on § 46-18-221, MCA, and remand to the District Court for entry of judgment consistent with this opinion.

The sole issue on appeal is whether the District Court erred when it concluded that Wilson used a dangerous weapon during the commission of his offense.

## FACTUAL BACKGROUND

Frank Wilson was charged by information with the offense of robbery, in violation of § 45-5-401, MCA. The information alleged, in relevant part, as follows:

> [T]hat on or about the 2nd day of November, 1995 . . . [Wilson] committed the offense of ROBBERY, a felony, in that in the course of taking money from Alli's Pizza in East Helena, he put store owners and employees in fear of immediate bodily injury by pointing a gun at Timothy Allinson and tieing him up, in violation of Section 45-5-401, MCA.

2

On February 29, 1996, Wilson pled guilty to the offense with which he was charged. The District Court accepted his guilty plea and ordered a presentence investigation report.

The District Court held a sentencing hearing on March 27, 1996. The State of Montana recommended that Wilson receive a fifteen-year sentence, with ten years suspended, for his robbery conviction. The State also contended that he used a dangerous weapon--a gun--during the robbery, and therefore, that the District Court was required to sentence him, pursuant to § 46-18-221, MCA, to an additional two-year minimum sentence.

Wilson admitted that during the robbery he pointed a gun at the victims. However, he claimed that the gun used during the robbery was not a dangerous weapon, and therefore, that § 46-18-221, MCA, does not apply to this case. In support of his claim, he presented evidence of the following facts: (1) the gun used during the robbery was a broken, unloaded, and inoperable BB gun; (2) the gun used during the robbery was neither a firearm nor a destructive device; (3) Wilson did not use, or even attempt to use, the gun as a bludgeon during the robbery; and (4) the victims were not physically injured during the robbery.

Although the State did not dispute any of the aforementioned facts, it asserted that "the victims in this case very clearly felt . . . [the gun] was a weapon." Based on that assertion, it maintained that Wilson did in fact use a dangerous weapon during the robbery, and therefore, that he must be sentenced pursuant to § 46-18-221, MCA.

At the conclusion of the hearing, the District Court sentenced Wilson to a fifteen-year term of imprisonment, with five years suspended, for the robbery conviction. Furthermore, the District Court concluded that he used a dangerous weapon during the robbery and, on that basis, sentenced him, pursuant to § 46-18-221, MCA, to an additional four-year term of imprisonment.

## DISCUSSION

Did the District Court err when it concluded that Wilson used a dangerous weapon during the commission of his offense?

When we review a district court's conclusions of law, the standard of review is whether those conclusions are correct. *State v. Williams* (1995), 273 Mont. 459, 462, 904 P.2d 1019, 1021; *Carbon County v. Union Reserve Coal Co., Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

Section 46-18-221, MCA, is entitled "Additional sentence for offenses committed with a dangerous weapon" and provides, in relevant part, as follows:

> (1) A person who has been found guilty of any offense and who, while engaged in the commission of the offense, knowingly displayed, brandished, or otherwise used a firearm, destructive device, as defined in 45-8-332(1), or other dangerous weapon shall, in addition to the punishment provided for the commission of such offense, be sentenced to a term of imprisonment in the state prison of not less than 2 years or more than 10 years, except as provided in 46-18-222.

Section 46-18-221(1), MCA.

Initially, Wilson contends that the gun he used during the robbery was neither a "firearm" nor a "destructive device." The

4

State does not dispute either of those contentions. Therefore, we must decide whether Wilson's gun was a "dangerous weapon."

Although the District Court failed to expressly state the rationale for its holding, it apparently agreed with the State and concluded that, because Wilson's victims believed the gun was a weapon which was capable of causing them injury, Wilson did in fact use a dangerous weapon during the robbery. In essence, the District Court based its conclusion on the subjective beliefs and fears of Wilson's victims. However, we are bound by the plain language of the statute which bases enhanced punishment on the actual use of a "dangerous weapon," and says nothing about the beliefs of the victims.

We conclude, therefore, that § 46-18-221, MCA, is not intended to prevent fear of danger. The purpose of § 46-18-221, MCA, is to prevent actual danger, and to deter criminals from using dangerous weapons during the commission of crimes. We conclude that § 46-18-221, MCA, must be analyzed pursuant to an objective test, and that district courts should analyze the weapon itself, not the subjective beliefs and fears of the victim, to determine whether a "dangerous weapon" was used during the commission of an offense.

In this case, the examination of Wilson's gun revealed that it was not a dangerous weapon. It is undisputed that during the robbery Wilson used a broken, unloaded, and inoperable BB gun. A gun in that condition was incapable of being discharged, and therefore, incapable of causing any actual harm by the manner in which Wilson threatened to use it.

5

The State contends that Wilson's gun should be considered a dangerous weapon because it could have been used as a bludgeon or a club. There is no evidence in the record, however, to support the assertion that Wilson actually used, attempted to use, or intended to use the gun in such a fashion. The "could have" test would open a Pandora's Box of dangerous weapons limited only by the imagination of a particular prosecutor. It would provide no prior notice to offenders that their conduct was subject to enhanced punishment, and therefore, is antithetical to the fundamental principle of criminal law that a person of average intelligence is entitled to notice of the type of conduct that the law proscribes. *See City of Choteau v. Joslyn* (1984), 208 Mont. 499, 505, 678 P.2d 665, 668.

Based on our analysis of § 46-18-221, MCA, and the facts in this case, we hold that the District Court erred when it concluded that Wilson used a dangerous weapon during the commission of his offense. Accordingly, we reverse that part of the District Court's judgment which was based on § 46-18-221, MCA, and remand this case to the District Court for entry of judgment consistent with this opinion.

_____
                                    Justice

We Concur:

_____
Chief Justice

6

_____
Karla M. Gray

_____
W. William Leaphart

_____
William E. Hunt
Justices